Filed 8/19/20  P. v. Morales CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EFRAIN MORALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B298387<br>(Super. Ct. No. KA083765)<br>(Los Angeles County) |

Efrain Morales appeals an order denying his petition for resentencing filed under Penal Code section 1170.95.[1]  We conclude, among other things, that the trial court erred by summarily denying the petition.  We reverse and remand with instructions that the court issue an order to show cause, appoint counsel for Morales, and conduct the hearing required by section 1170.95.

---

[1] All statutory references are to the Penal Code.

## FACTS

On May 10, 2008, Morales drove Jason Romo "to the crime scene." Romo got out of the car; he subsequently confronted and shot the victim. The victim died. Romo then returned to the car. Morales drove the car from the area. During the time when Romo left the vehicle and shot the victim, Morales remained in the car.

Morales was convicted of first degree murder (§ 187, subd. (a)) and attempted robbery (§§ 664, 211). The jury also found true a special circumstance allegation that the murder was committed in the attempted robbery. (§ 190.2, subd. (a)(17)(A).) Morales was sentenced to life without parole, plus 63 years 4 months to life in state prison.

In 2010, we affirmed the murder and attempted robbery conviction and held there was sufficient evidence "to support the special circumstance finding that [Morales] aided and abetted the attempted robbery with *reckless indifference to human life.*" (Italics added.) We also ruled that Morales was "a *major participant* in the attempted robbery and murder." (Italics added.)

In 2019, Morales filed a petition for resentencing (§ 1170.95), declaring that he was "not a major participant in the felony" and did not act with reckless indifference to human life.

The trial court "summarily denied" the petition, finding Morales "is not eligible for consideration pursuant to [section] 1170.95." The court did not issue an order to show cause for a hearing and it did not appoint counsel for Morales. The court found, "Since [Morales's] special circumstance felony murder conviction has been sustained and upheld by the appellate courts,

[Morales] is ineligible for consideration. So this matter is summarily denied."

## DISCUSSION

### Denying the Section 1170.95 Petition

Morales contends the trial court erred by summarily denying the petition. We agree.

The origin of section 1170.95 was the Governor's signing of Senate Bill No.1437 in 2018. "Senate Bill 1437 'amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or *was not a major participant in the underlying felony who acted with reckless indifference to human life.*' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, italics added; Stats. 2018, ch. 1015, § 1, subd. (f).)

A defendant convicted of felony murder may file a petition under section 1170.95 alleging he or she "could not be convicted of first or second degree murder" because of changes to the law required by Senate Bill No. 1437. (*People v. Gutierrez-Salazar*, *supra*, 38 Cal.App.5th at p. 417.) "A trial court receiving a petition under section 1170.95 'shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. (§ 1170.95, subd (c).)' " (*Ibid*.) "If the petitioner has made such a showing, the trial court 'shall issue an order to show cause.' " (*Ibid*.) The trial court must then hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner. (*Ibid*.)

Consequently, there are two stages involved in a section 1170.95 petition. It is only after a prima facie showing is made

3

for relief in the first stage that the trial court proceeds to the second stage and issues an order to show cause and the case proceeds to an evidentiary hearing.  Where the prima facie showing is not made in the first stage, the court may deny the petition.

Morales contends the trial court erred by denying his petition without first issuing an order to show cause, appointing counsel, and holding an evidentiary hearing.  He contends the failure to provide him with these procedural protections violated his right to due process.

The People respond that "an undisturbed felony-murder special circumstance conviction, such as the robbery-murder special circumstance conviction at issue here, renders a petitioner ineligible for section 1170.95 relief as a matter of law."  They contend the trial court reviewing the record of Morales's conviction and seeing our affirmance of the special circumstance finding properly denied his petition immediately, without considering any additional facts, without issuing an order to show cause, without appointing counsel or holding a hearing.

Many courts have held that where the petitioner is ineligible for section 1170.95 relief, the trial court may summarily dismiss the petition without appointing counsel. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, No. S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, No. S260410.)

The People argue the special circumstance findings authorized the trial court to deny this petition.  They note we affirmed the special circumstance findings and ruled Morales was a major participant in the attempted robbery and murder and

that he acted with indifference to human life.  They cite *People v. Gutierrez-Salazar, supra,* 38 Cal.App.5th at page 419 for the proposition that where the language of the special circumstance findings tracks the language of the exclusions for relief in Senate Bill No. 1437, relief under section 1170.95 must be denied as a matter of law.

That may be true in some cases, but this case is different. Here the crimes took place in 2008 and the conviction was affirmed in 2010.

But a trial court may not currently rely on these older special circumstance findings to automatically deny relief under section 1170.95 because the current special circumstance findings involve different standards than the ones when Morales was convicted.  (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1173.)

In *Torres,* the court reversed the summary denial of a section 1170.95 petition where the trial court relied exclusively on special circumstance findings made in 2001.  This is what the trial court did in our case.  The Court of Appeal in *Torres* also rejected the argument the People are making here.  It said, "The trial court here relied exclusively on the jury's 2001 special circumstances findings, *which findings alone are not sufficient to preclude relief* in the wake of *People v. Banks* (2015) 61 Cal.4th 788 . . . (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 . . . (*Clark*)."  (*People v. Torres, supra,* 46 Cal.App.5th at p. 1173, italics added.)  The court said the "Supreme Court's decisions, *clarifying* what it means for an aiding and abetting defendant to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' construed section 190.2, subdivision (d) in a *significantly different*, and narrower manner

5

than courts had previously construed the statute." (*Id.* at p. 1179. italics added.)

In *Banks*, our Supreme Court declared that a defendant must be " ' "subjectively aware that his or her participation in the felony involved a grave risk of death." ' " (*People v. Banks*, *supra*, 61 Cal.4th at p. 807.) After *Banks*, triers of fact may ask if there is evidence that the defendant intended to kill. (*Ibid.*) To help guide triers of fact, the *Banks* court listed a series of potentially relevant factors, including: 1) the role the defendant had in planning; 2) the role the defendant had in supplying the lethal weapon; 3) the awareness of the defendant to the dangers posed by the crime, the weapon, to the past experience or conduct of other participants; 4) the defendant's ability to prevent the murder; and 5) the defendant's actions after knowing lethal force was used. (*Id.* at p. 803, *In re Miller* (2017) 14 Cal.App.5th 960, 971.) In *Clark*, the Supreme Court emphasized that there was insufficient evidence to show Clark's "awareness of the past experience or conduct" of the shooter. (*People v. Clark*, *supra*, 63 Cal.4th at p. 614.) The court in *Torres* concluded that a defendant's pre-*Banks/Clark* special circumstance findings cannot be used as the sole basis for denying the section 1170.95 petition, as it was in this case.

Here Morales declared that he was not the "actual killer," he did not intend to kill anybody, and he did not assist Romo in committing murder. He argues that in addition to not having any personal role in the killing, he was not armed. He claims the jury was instructed under the natural and probable consequences doctrine which Senate Bill No. 1437 has now eliminated. He notes that, as a result of Senate Bill No. 1437, section 188, subdivision (a)(3) now provides malice for murder "*shall not be*

6

*imputed* to a person based solely on his or her participation in a crime." (Italics added.) Morales claims that had the trial court proceeded to stage two of the section 1170.95 process, he could present evidence that: 1) he did not know Romo planned to kill anyone, 2) Romo alone made the decision to kill when the victim resisted the robbery, 3) he (Morales) could not have anticipated that result while sitting in the car, and 4) the special circumstance findings may not be sustained under current law.

The People claim *Torres* is incorrect and should not be followed. We disagree. *Torres* is consistent with the broad remedial goal the Legislature intended for section 1170.95 petitions. Section 1170.95, subdivision (d)(3) permits the People and the petitioner to add "additional evidence to meet their respective burdens." This means current additional evidence that was never presented to the trier of fact. This is particularly important where the law has changed since the conviction and a claim for retroactive relief may be presented with additional facts judged by different standards. Morales contends under the post-*Banks/Clark* standards, he is eligible for relief and entitled, at the very least, to consideration by the trial court regarding his new factual claims. He argues, "The purpose of Senate Bill 1437 is to give defendants who were not the actual killers *an opportunity* to litigate the prior findings under the new standards." (Italics added.) This claim about his right to an opportunity to present evidence is consistent with the legislative intent of the new legislation.

The People note that we summarily denied Morales's habeas petition in 2016. They claim that if Morales claims he now has additional evidence, his remedy is to file a habeas petition, not to proceed by a section 1170.95 petition. We

7

disagree.  There would be no reason for the Legislature to have created the section 1170.95 procedure if lawmakers felt an adequate remedy to resolve Senate Bill No. 1437 claims was a habeas petition.  The section 1170.95 procedure provides defendants with a new procedural due process that the Legislature intended defendants, such as Morales, to be able to utilize.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 727.) Fundamental jurisdictional defects "do not become irremediable" simply because a judgment is final.  (*In re Harris* (1993) 5 Cal.4th 813, 840.)  Under Senate Bill No. 1437, felony murder judgments are not permanently etched in stone because they are final.  They can be reopened in a section 1170.95 proceeding.  This is particularly the case where the law has changed and the prior special circumstance findings can no longer be supported by the evidence and current law.

*DISPOSITION*

The order summarily denying the petition is reversed.  On remand, the trial court shall issue an order to show cause, appoint counsel, and provide Morales with the hearing required by section 1170.95.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

8

Mike Camacho, Jr., Judge

Superior Court County of Los Angeles

_____

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.